IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

THOMAS BURNS,                    :
                                 :
    Petitioner.                  :
                                 :
vs.                              :      CIVIL ACTION 09-834-CB-M
                                 :
LOUIS BYRD,                      :
                                 :
    Respondent.                  :


REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. This action is now ready for consideration. The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that this habeas petition be dismissed as time barred and that judgment be entered in favor of Respondent Louis Byrd and against Petitioner Thomas Burns pursuant to 28 U.S.C. § 2244(d).

Petitioner pled guilty and was convicted of second degree possession of a forged instrument in the Circuit Court of Mobile County on November 6, 2002 for which he received a split

sentence of fifteen years with three years to be served in the state penitentiary (Doc. 8, pp. 2). On February 4, 2003, the Alabama Court of Criminal Appeals dismissed Burns's appeal as being untimely filed (Doc. 17, Exhibit A). A certificate of judgment was entered on the same date (see Doc. 17, Exhibit B).

Petitioner filed his third Rule 32 petition[1] on December 12, 2008[2] (Doc. 17, Exhibit B, p. 1). Following the denial of the petition by the lower court, the Alabama Court of Criminal Appeals affirmed the denial, finding the claims to be procedurally barred because they had not been filed within the statutorily-required one year period of limitations (Doc. 17, Exhibit B).[3]

Petitioner filed a complaint with this Court on December 22, 2009[4] raising a single claim: His attorney transferred restitution from a *nolle prossed* claim to an active case without

---

[1] Neither Petitioner nor Respondent has provided information regarding the first two Rule 32 petitions; Respondent has suggested that the first two were irrelevant to this proceeding (see Doc. 17, p. 2). That suggestion would appear to be correct.

[2] Though Petitioner asserted that this Rule 32 was filed on November 8, 2008, state court records indicate that it was filed on December 12, 2008 (Doc. 8, p. 4; cf. Doc. 17, Exhibit B, p. 1).

[3] The Court notes that the Alabama Court of Criminal Appeals found the claims to be procedurally barred on other grounds and to be without merit as well.

[4] Respondent states that Petitioner did not file this complaint until February 4, 2010 (Doc. 17, p. 4). While Burns did not execute a petition which was in the form this Court requires until that date (Doc. 8), Petitioner initiated this action on December 22, 2009 with the filing of a form used by this Court (Doc. 1).

Burns's consent (Doc. 8).

Respondent has answered the petition, arguing that it should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 17, pp. 4-6). Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which amended, in pertinent part, 28 U.S.C. § 2244, which states as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A). The AEDPA became effective on April 24, 1996. *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).

The State Court Order of restitution which Petitioner is challenging was entered on October 25, 2007 (Doc. 8, p. 10; *cf.* Doc. 17, p. 5).[5] This means that any challenge to that Order, in this Court, would have had to have been filed no later than

---

[5] The Court notes that the situation presented in this action is unusual in that Burns is challenging a post-conviction order rather than a conviction. For that reason, the limitations clock did not begin to run until the date of that order.

October 25, 2008.

As noted earlier, Petitioner's habeas corpus petition was not filed in this Court until December 22, 2009, more than a year after the limitations period had expired. Burns had filed a Rule 32 petition in the State Court on December 12, 2008, more than a month after the limitations period had expired in both this Court as well as the State Courts. The Eleventh Circuit Court of Appeals has held that "[a] state court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000). Petitioner's Rule 32 petition was filed too late to toll the statute.

Clearly, Petitioner's habeas corpus petition was filed beyond the one-year limitations period and filed in violation of 28 U.S.C. § 2244(d). The Court finds that Petitioner has provided no cause (Doc. 19) for ignoring the dictates of the Anti-Terrorism and Effective Death Penalty Act of 1996: this action is time-barred.

For the reasoning stated herein, it is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Louis Boyd and

against Petitioner Thomas Burns pursuant to 28 U.S.C. § 2244(d).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment

can be appealed.

2.  **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    DONE this 16th day of August, 2010.

                                      s/BERT W. MILLING, JR.
                                      UNITED STATES MAGISTRATE JUDGE